982 So.2d 164 (2008)
Linda S. GROS
v.
Pierre F. GAUDIN.
No. 07-CA-670.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*165 Frank B. Hayne, III, Attorney at Law, New Orleans, LA, for Plaintiff/Appellant.
Neil J. Kohlman, Stephens and Grace, Attorney at Law, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Claimant, Linda Gros ("Gros"), injured her back on February 15, 1992 when she slipped and fell while working for the Pierre Gaudin law firm as a legal secretary. She claims she underwent four back operations, including a disc fusion, as a result of the injury. Maryland Casualty Company ("Maryland Casualty"), Gaudin's workers' compensation insurer, began paying weekly benefits to Gros in the amount $166.75 per week. Maryland Casualty also paid Gros's medical expenses to Dr. Lillian Lesser and Mr. John Muggivan.
Maryland Casualty paid its last weekly benefit payments to Gros on June 4, 2004. Maryland Casualty argues Gros had already received more than the statutory maximum of 520 weeks for temporary total disability and supplemental earnings benefits and she was not entitled to permanent total disability benefits. In response, Gros filed a Disputed Claim for Compensation on July 9, 2004 seeking further benefits and future medical expenses. Gros argued Maryland Casualty did not abide by the requirements of La.R.S. 23:1201(H) because it suspended weekly benefits without notice to her and did not immediately send notice of the suspended payments to the Office of Workers' Compensation. Therefore, Gros also sought penalties and attorneys' fees for Maryland Casualty's violations of the statute. Finally, Gros sought reimbursement for mileage to and from her home in Westwego to her physicians' office in Metairie.
Maryland Casualty filed an Answer denying that Gros is entitled to temporary total disability benefits because she has already received 600 weeks of benefits. Maryland Casualty also argues Gros is not permanently disabled and did not sustain an injury resulting in loss of earning capacity. Maryland Casualty alleged that rehabilitation services were offered and refused and denies that Gros requested rehabilitation services but they were not provided. Maryland Casualty also alleged that medical treatment and expenses that were incurred by Gros were not authorized or pre-certified and were not emergency services. Therefore, she is not entitled to receive reimbursement for these expenses. Maryland Casualty also alleged Gros is capable of returning to work at a wage rate equal to or greater than 90% of her pre-alleged injury wage rate. Therefore, Gros is not entitled to supplemental earnings benefits or other compensation benefits once she reached maximum medical improvement. Finally, Maryland Casualty argued Gros was not entitled to penalties and attorneys fees because it had not acted arbitrarily or capriciously.
Maryland Casualty also filed a Supplemental and Amended Answer on October 9, 2006 alleging Gros had violated LSA-R.S. 23:1208, therefore, she had forfeited her right to any further workers' compensation benefits.
*166 Trial was held on November 6, 2006. Prior to trial, the parties stipulated that Gros's average weekly wage at the time of the accident was $250.13, which is a temporary total disability rate of $166.75 per week. They also stipulated that Gros was paid weekly indemnity benefits of $166.75 from April 1992 until June 2004, which was over 600 weeks.
At trial, Gros testified, along with her social worker, Mr. John Muggivan, and a private investigator hired by Maryland Casualty, Eric Widmer. Gros testified that she was unable to work. She had found employment as a sitter for an elderly patient on July 15, 2003 but had to quit February 4, 2004 because it was too painful and strenuous. Gros also testified that she was involved in two motor vehicle accidents after her employment-related injury. In both accidents, she was the passenger and the car was rear-ended. She filed claims with the insurance company for the driver at fault in both accidents for soft tissue injuries to her neck and shoulders. She testified she did not hurt her back in either accident. She settled the claims for both accidents; however, she did not inform her employer or Maryland Casualty of the accidents or the settlements.
Mr. John Muggivan was Gros's social worker, who worked in conjunction with Dr. Lillian Lesser. He testified that his office was in the same building as Dr. Lesser's. Muggivan diagnosed Gros with adjustment disorder and he wanted to get her back to work if possible. He testified that the pain was a big factor in Gros's mental health. She couldn't sleep and became depressed, attempted suicide by taking too much medication, and had to be hospitalized a couple of times. He testified that Gros had to be monitored closely and he continued her care through July 2005. He also testified regarding Gros's bill for his expenses. He testified that on December 11, 2002, after payments had been credited, there was a balance on her account for $1950.00. On February 11, 2005 the balance on her account was $3490.00 and after several payments by Maryland Casualty the balance was $2060.00 on July 13, 2005. That was the outstanding balance as of the date of trial.
Eric Widmer, of Deep South Investigations, was hired by Gaudin's office to investigate Gros. He testified that he conducted video surveillance on April 19, 2005 and observed Gros drive from her home, to her deposition, to the grocery store, and home. He produced pictures of Gros bending over to pick up something and pictures of her loading and unloading groceries, including a case of soft drinks.
The workers' compensation court issued a written judgment on April 20, 2007 dismissing Gros's disputed claim for compensation with prejudice, with all costs to be paid by Gros. The court found that the claim of Gros had no merit because she had failed to prove by clear and convincing evidence that she is totally and permanently disabled. The court went on to find that even if it found she was entitled to any form of indemnity benefits, which it specifically did not, Gros had forfeited her right to benefits by her violation of LSA-R.S. 23:1102(B) because she settled other claims without notifying or receiving permission from her employer or the workers' compensation insurer. The court also found that Gros had violated LSA-R.S. 23:1208 by submission of false and exaggerated claims for mileage reimbursement and had forfeited her right to all workers' compensation benefits. The court referred the matter to the fraud section of the Office of Workers' Compensation for further proceedings as necessary.
Gros now appeals the workers' compensation court's judgment alleging three assignments of error. First, Gros argues *167 the court failed to recognize that there was no evidence of an aggravation of her employment related injury as a result of the third party car accidents, so there was no employer right of settlement approval under LSA-R.S. 23:1102(B) because the parties liable to Gros because of those accidents were not "third persons" under LSA-R.S. 23:1101(C). Second, Gros argues the court did not identify how, why, or by how much her mileage claims were exaggerated, so the court's finding was so nebulous that it warrants a reversal. Gros argues the evidence shows the mileage claim was fully justified. Finally, Gros argues the judgment should have been in favor of her as originally sought in her complaint.

DISCUSSION
For the reasons which follow, we affirm the judgment of the workers' compensation court.
First, we find the workers' compensation court correctly found that Gros is not entitled to further indemnity benefits. There was no medical evidence presented at trial to demonstrate her disability or inability to perform work at this time. She was paid a total of 600 weeks of indemnity benefits, which exceeds the statutory maximum of 520 weeks. Therefore, she is entitled to no further benefits.
Next, the workers' compensation court correctly held that even if she was entitled to benefits, she forfeited her rights to those benefits for her failure to disclose the settlements relating to the two car accidents. LSA.R-S. 23:1102 A provides:
A. (1) If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
LSA-R.S. 23:1102 B goes on to provide, in pertinent part:
If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses.
At trial, Gros testified that she was involved in two car accidents and made claims for soft tissue injuries in both accidents. She ultimately settled both claims. She further admitted at trial that she did not notify her employer or its insurer of the claims, or settlements. Therefore, she clearly violated the provision of LSA-R.S. 23:1102 and according to that statute, Gros has forfeited her right to future compensation and medical expenses.
Third, we find the court correctly found that Gros had exaggerated her mileage claim and, therefore, according to LSA-R.S. 23:1208, she forfeited her right to all benefits. Gros had submitted claims for mileage reimbursement of 22 miles one way from her home to the offices of Dr. Lesser and Mr. Muggivan in Metairie for each of her visits. First, we must note that Muggivan and Dr. Lesser's offices are in the same building. Further, Eric Widmer, the private investigator, testified that he personally made the trip from Gros's home in Westwego to the office building in Metairie and the trip only totaled 12.2 miles each way. Maryland Casualty is correct in its opposition to this appeal that this exaggeration of mileage is over 80 percent above the actual mileage as calculated by Widmer. The workers' compensation *168 court made a credibility determination in listening to the testimonies of Gros and Widmer and ultimately believed Widmer's estimation of the actual mileage Gros would have incurred.
LSA-R.S. 23:1208 provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
Therefore, the workers' compensation court was fully justified in finding that Gros exaggerated her actual mileage and, thus, committed fraud resulting in a forfeiture of benefits according to LSA-R.S. 23:1208. The court was also fully justified in referring this matter to the fraud section of the Office of Workers' Compensation for further proceedings as necessary in accordance with LSA-R.S. 23:1208.
Finally, we agree with the court's finding that Gros's disputed claim for compensation be dismissed not only because she is not entitled to benefits, but also because she has forfeited her rights to benefits pursuant to LSA-R.S. 23:1102 and 23:1208.
Accordingly, we affirm the judgment of the workers' compensation court dismissing Gros's disputed claim for compensation with prejudice, with all costs to be paid by Gros.
AFFIRMED.